22CV36174

Filed 9/19/2022 10:52 AM
Lori Oliver
District Clerk
Shelby County, Texas
Jessica Burr

CAUSE NO. 22CV36174 _____

| | | |
|---|---|---|
| **RICK LINDSEY** | § § § § | **IN THE DISTRICT COURT OF** |
| **VS.** | § § § § | **SHELBY COUNTY, TEXAS** |
| **WALMART STORES TEXAS, LLC, et al.** | § § | 123RD _____ **JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, RICK LINDSEY, hereinafter referred to as "Plaintiff," complaining of and against WALMART STORES TEXAS, LLC, WALMART SUPERCENTER #364 located at 765 Hurst Street, Center, Shelby County, Texas, WALMART STORES INC., WALMART STORES TEXAS LP, WALMART STORES TEXAS, INC, WALMART and the WALMART Employer of the Plaintiff at the time of the September 28, 2020 incident, hereinafter collectively referred to as "WALMART", and for cause of action would respectfully show unto the Court the following:

I.

Plaintiff anticipates that his damages are within the jurisdictional limits of the Court. Plaintiff alleges that his anticipated damages, both past and future, are within those prescribed by Rule 47(c)(4) of the Texas Rules of Civil Procedure. Plaintiff alleges that this matter should proceed under Rule 190.1 and 190.3 as a level 2 case. Plaintiff will subsequently introduce a Docket Control Order herein.

II.

Plaintiff, RICK LINDSEY, is a resident citizen of Huntington, Angelina County, Texas.

Defendant, WALMART STORES TEXAS, LLC, has a registered agent in Texas, which may served with process, to-wit: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Defendant, WALMART SUPERCENTER #364 has a registered agent in Texas, which may served with process, to-wit: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Defendant, WALMART STORES INC., has a registered agent in Texas, which may served with process, to-wit: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Defendant, WALMART STORES TEXAS, LLC has a registered agent in Texas, which may served with process, to-wit: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Defendant, WALMART STORES TEXAS, INC., has a registered agent in Texas, which may served with process, to-wit: CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

No service of process is requested at this time on Defendant, WALMART Employer of the Plaintiff at the time of the September 28, 2020 incident.

III.

Plaintiff alleges that venue is proper in Shelby County, Texas, pursuant to the terms and provisions of Chapter 15 *et seq.* of the Texas Civil Practice & Remedies Code, in that the cause of action, or a part thereof, accrued in Center, Shelby County, Texas.

IV.

Plaintiff, RICK LINDSEY, alleges that on or about September 28, 2020, he was employed by the Defendant, WALMART at the Defendant's facility located at 765 Hurst Street, Center, Shelby County, Texas. Plaintiff alleges that he sustained serious injuries while working within the course and scope of his employment with the Defendants. Specifically, Plaintiff alleges that he was assigned to work in the photography department. Plaintiff alleges that from time to time it was necessary for him to utilize a stool in order to change out various banners and signs in his department. Plaintiff alleges that on the date in question, Plaintiff utilized a stool, but the stool malfunctioned, which proximately caused the Plaintiff to fall. Plaintiff alleges that he seriously injured his spinal cord as a result of his fall. Plaintiff alleges that he underwent surgery for his injuries and has been unable to return to work since that time. Plaintiff alleges that WALMART knew that various stools utilized in its store were defective, including the stool which malfunctioned, due to previous complaints made by other employees. However, despite that knowledge, Plaintiff alleges that WALMART did not purchase reliable stools, but allowed its employees to continue to use defective stools, as the stool that injured Plaintiff.

V.

Plaintiff alleges that the Defendant, WALMART, was negligent, in the following respects:

1. In failing to provide its employees, including the Plaintiff, a safe place to work;

2. In failing to provide Plaintiff with a safe stool necessary perform his job duties;

3. In providing its employees, including the Plaintiff, a defective stool, when it knew that its stools were defective; and,

3

4. In other negligent actions and inactions to be specified at the time of trial.

Plaintiff alleges that the negligence of the Defendant, WALMART, was the proximate cause of injuries to the Plaintiff, as is more specifically described hereinbelow.

VI.

As a result of the incident made the basis of this claim, Plaintiff, RICK LINDSEY, has sustained the following damages and injuries for which he affirmatively seeks relief from WALMART, to include the following:

1. Reasonable and necessary medical and other health care related expenses, assistance, and treatment, both past and future, attributable to the injuries inflicted upon the Plaintiff as described herein;

2. Reasonable and necessary past wages and wage earning capacity, together with future wages and/or wage earning capacity;

3. Physical pain in the past and future;

4. Mental anguish and suffering in the past and future;

5. Physical disfigurement in the past and future;

6. Physical impairment in the past and future;

7. For general and special damages; and,

8. Such further legal and equitable relief as this Court may deem proper.

VII.

Plaintiff alleges that the Defendant, WALMART, failed to procure workers' compensation insurance coverage for its employees, including the Plaintiff. Accordingly, pursuant to the terms and provision of Section 406.033 of the Texas Labor Code, Plaintiff alleges that WALMART did not have the benefit of various common law defenses, including, but not limited to, contributory negligence.

VIII.

The Plaintiff alleges that all conditions precedent to the maintenance of this action have been met or satisfied, in accordance with Rule 54 of the Texas Rules of Civil Procedure.

IX.
SELF-AUTHENTICATION

Pursuant to Rule 193. 7 of the Texas Rules of Civil Procedure, this is the "actual" written notice that all documents produced in this litigation shall be used by the Plaintiff at pretrial proceedings and trial. Hence, all documents produced in this litigation are deemed self-authenticating for use in any pretrial proceeding or at trial; and, any objections thereto by the Defendant shall be in writing or placed on the record, giving Plaintiff a reasonable opportunity to establish the challenged document's authenticity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein as the law directs, and that upon final trial hereof, Plaintiff have and recover judgment of and from the Defendants pursuant to the above and foregoing allegations, in such amounts as hereinabove set out and as the evidence may show proper at the time of trial, costs of Court, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled to receive.

Respectfully submitted,

MOORE LANDREY, LLP
905 Orleans Street
Beaumont, Texas  77701
Telephone:   (409) 835-3891
Facsimile:    (409) 835-2707

_____
Tommy L. Yeates
Texas Bar Association No. 22151100
tyeates@moorelandrey.com

ATTORNEYS FOR PLAINTIFF

6